IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERT ANGELO SERRANO,

    Plaintiff,

 v.                                                                                         No. 17-CV-01156-RB-SCY

STATE OF NEW MEXICO, SUSANA
MARTINEZ, *Governor,* DAVID
JABLONSKI, *Secretary of Corrections*,
FNU LNU, *any contract companies
associated with and working for Department
of Corrections concerning medical and
mental health issues*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Susana Martinez's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 6), and Lisette Serrano's pro se Motion To Supplement A Complaint As Requests To Add A Plaintiff (Doc. 4), which the Court liberally construes as a motion to intervene in this proceeding and to supplement the complaint under Rules 24 and 15(d) of the Federal Rules of Civil Procedure. Plaintiff Gilbert Angelo Serrano is incarcerated, appears pro se, and is proceeding *in forma pauperis*.

For the reasons explained below, Defendant Martinez's motion to dismiss will be granted, Ms. Serrano's motion to intervene and supplement the complaint will be denied without prejudice, and Plaintiff's complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff will be granted 30 days to file an amended complaint that states a claim upon which relief may be granted.

## I. BACKGROUND

On October 17, 2017, Plaintiff filed a Complaint (Tort) in the First Judicial District Court of the State of New Mexico against the following Defendants: (1) State of New Mexico; (2) Susana Martinez, Governor; (3) David Jablonski, Secretary of Corrections; and (4) any contract companies associated with or working for Department of Corrections concerning medical and mental health issues. (Doc. 1 at 4–12.) Plaintiff's complaint does not identify specific claims against particular defendants. Rather, it is a long and rambling list of vague complaints concerning the conditions of Plaintiff's confinement. Specifically, Plaintiff complains about the following: (1) Plaintiff's property (i.e., hair clippers, art work, and homemade knitted clothing) was destroyed without his consent; (2) Plaintiff's mail was rejected and withheld in violation of the New Mexico Department of Corrections' (NMDOC) policies and procedures; (3) Plaintiff's medical needs for his hepatitis C, a head injury, nerve damage and pain are not being met; (4) Plaintiff was deprived of an impartial disciplinary process for a false accusation of receiving drugs in the mail; (5) because of the faulty disciplinary process, Plaintiff was "referred to the D.S.P. program,[1] which is not a program . . . [but] a front for cruel an[d] unusual punishments," (6) Plaintiff was deprived of ten days of good time in violation of NMDOC's policies and procedures; (8) Plaintiff was deprived of access to the NMDOC's grievance process; (9) confidential informants are given "unknown privileges and protections" in violation of equal protection of the law; (10) the protective custody policy doesn't "make sense"; (11) Plaintiff is being deprived of his right to freedom of speech because he is not permitted to receive certain pictures and publications in the mail; (12) Plaintiff is placed in "constant lockdown status" due to his level VI classification, even though his "points are low enough to be placed in general

---

[1] The Court presumes that Defendant is referring to the NMDOC's Drug Suppression Program. *See* cd.nm.gov/policies/docs/CD-142000.pdf.

population"; (13) Defendant Martinez "blames us for all the problems that take place in our land of enchantment" and keeps inmates "locked in cages as long as possible"; and (14) the food Plaintiff is served is genetically modified, which "is a violation of [Plaintiff's] religious practice and belief also unsafe to [his] well being in health." (*Id.*) Plaintiff's complaint seeks injunctive relief and monetary damages in the amount of $2,500,000.00. (*Id.* at 12.) Defendant Martinez removed Plaintiff's complaint to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) on the basis of federal question jurisdiction. (*See* Doc. 1.)

On April 19, 2018, Lisette Serrano, Plaintiff's wife and "attorney in fact," filed a motion to amend and/or supplement the complaint. (Doc. 4.) Ms. Serrano seeks to be added to the present civil rights action as a plaintiff, because the letters and photographs she has mailed to Plaintiff have been "thrown away, rejected, ruined, or stolen" and she has been deprived of contact visits with her husband. (*See id.*) Ms. Serrano also seeks to supplement the complaint with additional claims on behalf of Plaintiff as a result of his transfer from the Penitentiary of New Mexico to Guadalupe County Correctional Facility (GCCF). (*See id.*) Specifically, Ms. Serrano alleges that: (1) Plaintiff's property (i.e., a family photo album, art materials, a bible, and a concordance) have been lost or misplaced; (2) Plaintiff's mental health files are inaccurate because there are "seven wrong inmate numbers . . . attached to [his] name"; (3) the D.S.P. program does not comply with policies and procedures, in violation of the New Mexico Constitution; (4) Plaintiff has been deprived of "trade school opportunities" as a result of his placement in the D.S.P. program; (5) Plaintiff has been deprived of his wife's letters and photographs, as well as contact visits with his family; and (6) certain rules and policies are "not fair such as tampering with evidence by swallowing evidence." (*Id.*)

On April 20, 2018, Defendant Martinez moved to dismiss Plaintiff's complaint for failure

3

to state a claim on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6.) Defendant Martinez contends that "Plaintiff fails to allege *any* specific facts as to the involvement of Governor Martinez in either his Complaint or his Motion to Supplement" and, therefore, Plaintiff has failed to provide "fair notice" of his claims in violation of Rule 8 of the Federal Rules of Civil Procedure. (*Id.* at 2, 3.) Alternatively, Defendant Martinez contends that Plaintiff's claims should be dismissed for failure to state a claim on which relief may be granted because she "was not personally involved in any of the alleged wrongs noted in the Complaint and the Motion to Supplement." (*Id.* at 4.)

## II. DISCUSSION

Plaintiff and Ms. Serrano are proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

*A.    Ms. Serrano's Motion To Intervene And Supplement The Complaint Will Be Denied*

Ms. Serrano, a non-party to this proceeding, moves the Court to be added as "an additional plaintiff." (Doc. 4 at 2.) A motion to intervene under Rule 24 of the Federal Rules of Civil Procedure is the proper avenue by which a non-party should seek to join a pending

4

proceeding. *See* Fed. R. Civ. P. 24. Therefore, the Court liberally will construe Ms. Serrano's pro se motion as a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure.

Rule 24(a) provides that the Court *must* permit anyone to intervene who, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(b) provides that the Court *may* permit anyone to intervene who, on timely motion, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Regardless of the type of intervention sought, Rule 24(c) requires the motion to intervene to: (1)"be served on the parties as provided in Rule 5"; (2) "state the grounds for intervention"; and (3) "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Ms. Serrano's motion to intervene is deficient because it was not served on the parties nor was it accompanied by a proposed pleading, as required by Rule 24(c). In the absence of a proposed pleading setting out her claims, the Court cannot determine whether Ms. Serrano "has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami Cty. Nat'l Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (explaining the purpose of Rule 24(c)); *see also Sec. & Exchange Comm'n v. Clayton*, 253 F. App'x 752, 755 (10th Cir. 2007) (noting that the failure to attach a proposed pleading as required by Rule 24(c) may be "grounds for denial of the motions as procedurally inadequate"). Accordingly, Ms. Serrano's motion to intervene will be denied without prejudice for failure to comply with the procedural requirements of Rule 24(c).

Ms. Serrano also moves to supplement Plaintiff's complaint with additional claims based

on Plaintiff's transfer to a different facility after the filing of the complaint. Rule 15(d) of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion and reasonable notice, the court may, on just terms, permit *a party* to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Ms. Serrano, however, is not a party to the present proceeding, nor is she an attorney licensed to practice law in the State of New Mexico. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). "This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Id.* (internal quotation marks and citation omitted). Ms. Serrano cannot represent the interests of Plaintiff in this proceeding and, therefore, her motion to supplement Plaintiff's complaint will be denied without prejudice to Plaintiff's right to move to file a supplemental complaint under Rule 15(d).

B.  *Defendant Martinez's Motion To Dismiss Will Be Granted*

Defendant Martinez moves to dismiss Plaintiff's Complaint (Tort) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), the Court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "The Court's function on a Rule 12(b)(6) motion is not to weigh the potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226,

1236 (10th Cir. 1999)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Although a plaintiff need not provide detailed factual allegations, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft,* 556 U.S. at 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's complaint includes constitutional claims under 42 U.S.C. § 1983 and the United States Court of Appeals for the Tenth Circuit has observed that the Rule 8 pleading standard has "greater bite in such contexts" because § 1983 cases "typically include complex claims against multiple defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Thus, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* "When various officials have taken different actions with respect to a plaintiff, the

plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim." *Id.*

Plaintiff's complaint fails to provide Defendant Martinez with fair notice of the claims against her and the grounds upon which these claims rest. Although Plaintiff identifies Defendant Martinez as a defendant in the caption of his complaint, Plaintiff fails to explain what actions or inactions Defendant Martinez took to violate his rights under the New Mexico Tort Claims Act or the United States Constitution. Plaintiff's conclusory assertion that Defendant Martinez is not doing enough "to creat[e] opertunities [sic] and employment to breach this vicous [sic] cycle not creat[e] enemies within our prisons and neighborhoods hoping we'll kill each other or pick up charges so they can keep us locked in cages as long as possible" is insufficient to nudge his claims "across the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 559. "It is not the role of either the court or the defendant to sort through a lengthy, conclusory, and poorly drafted complaint in order to construct a cause of action." *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001). Therefore, Defendant Martinez's motion to dismiss will be granted.

C.   *Plaintiff's Complaint Fails To State A Claim On Which Relief May Be Granted Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)*

The Court has an independent obligation, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to dismiss a complaint *sua sponte* at any time if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se

complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Plaintiff has named the State of New Mexico as a defendant in this action, but the Eleventh Amendment of the United States Constitution provides the State of New Mexico with sovereign immunity from suit in federal court. *See* U.S. Const. Amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). The sovereign immunity provided by the Eleventh Amendment "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens . . . regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). "There are, however, two clearly recognized exceptions to the general immunity protections of the Eleventh Amendment: (1) a state may consent to be sued, or (2) Congress may clearly and expressly abrogate the states' immunity." *Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998).

Nothing in the New Mexico Tort Claims Act waives Defendant State of New Mexico's Eleventh Amendment sovereign immunity from suit. Indeed, the New Mexico Tort Claims Act expressly provides that "[e]xclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico." N.M. Stat. Ann. § 41-4-18(A). Thus, Plaintiff's

New Mexico Tort Claims Act claims are barred by the doctrine of sovereign immunity and will be dismissed without prejudice to Plaintiff's right to refile in state court.

As for Plaintiff's constitutional claims under 42 U.S.C. § 1983, § 1983 was not "intended to disregard the well-established immunity of a State from being sued without its consent." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). More fundamentally, however, Defendant State of New Mexico is not a "person" subject to suit under § 1983. *See id.* at 71 (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Thus, even without the barrier of Eleventh Amendment sovereign immunity, Plaintiff's § 1983 claims are subject to dismissal because "§ 1983 creates no remedy against a State." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Accordingly, Plaintiff's § 1983 claims against Defendant State of New Mexico will be dismissed.

Plaintiff also names David Jablonski, the Secretary of the NMDOC, as a defendant in this action. "Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates" and, therefore, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted). To "demonstrate an affirmative link between the supervisor and the violation," the plaintiff must satisfy "three related prongs (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotation marks and citation omitted). "Personal involvement does not require direct participation . . . [a] defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights" may be

sufficient. *Id.* As for causal connection, the plaintiff must demonstrate that "the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Id.* at 1195–96. Lastly, the defendant-supervisor's state of mind "can be no less than the *mens rea* required of [any of his] subordinates . . . to commit the underlying constitutional violation." *Cox v. Glanz*, 800 F.3d 1231, 1249 (10th Cir. 2015) (internal quotation marks and citations omitted). Plaintiff's complaint fails to allege sufficient facts to demonstrate an affirmative link between Defendant Jablonski and the alleged constitutional violations and, therefore, Plaintiff's § 1983 claims against Defendant Jablonski will be dismissed without prejudice for failure to state a claim on which relief may be granted.

Plaintiff's complaint also names unknown "contract companies associated with an[d] working for Department of Corrections concerning medical and mental health issues" as defendants. (Doc. 1 at 4.) A private company, however, "cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (internal quotation marks and citations omitted). Rather, to be liable under § 1983, the private company "must have had an official . . . policy of some nature, . . . that was the direct cause or moving force behind the constitutional violations." *Id.* (internal quotation marks and citations omitted). Plaintiff's complaint fails to allege that the unknown contract companies had an official policy or custom that that was the direct cause or moving force behind the alleged constitutional violations and, therefore, Plaintiff's § 1983 claims against the unknown contract companies will be dismissed without prejudice for failure to state a claim on which relief may be granted.

Lastly, as explained in part II(B) of this Memorandum Opinion and Order, Plaintiff's complaint fails to give Defendants fair notice of the nature of Plaintiff's claims and the grounds

11

upon which they rest, as required by Rule 8 of the Federal Rules of Civil Procedure. Specifically, Plaintiff's complaint fails to identify which claims he is asserting against which defendants and what each defendant did, or omitted to do, in violation of his rights. "General allegations of harm are insufficient and the facts must ultimately suggest that the claim is facially plausible; rambling narrations of fact coupled with conclusory legal assertions do not assist the court or the defendants." *Washington v. Colo. State Univ.*, 405 F. App'x 288, 290 (10th Cir. 2010). Plaintiff's rambling and conclusory complaint fails to state a claim upon which relief may be granted and, therefore, it will be dismissed without prejudice.

The foregoing deficiencies in Plaintiff's complaint may be remedied with more precise pleading and, therefore, the Court will afford Plaintiff an opportunity to file an amended complaint within 30 days of the date of entry of this order. Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 198, 1163 (10th Cir. 2007). Failure to timely file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure may result in the dismissal of this action without further notice.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that Ms. Serrano's Motion To Supplement A Complaint As Requests To Add A Plaintiff (Doc. 4) is DENIED without prejudice;

IT IS FURTHER ORDERED that Defendant Martinez's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted (Doc. 6) is GRANTED and Defendant Martinez is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's New Mexico Tort Claims Act claims against

Defendant State of New Mexico are DISMISSED without prejudice to Plaintiff's right to refile in state court, Plaintiff's § 1983 claims against Defendant State of New Mexico are DISMISSED without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and Defendant State of New Mexico is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the remainder of Plaintiff's Complaint (Tort) (Doc. 1 at 4–12) is DISMISSED without prejudice pursuant to 28 U.S.C §§ 1915(e)(2)(b) and 1915A(b) and Plaintiff is granted 30 days in which to file an amended complaint;

IT IS SO ORDERED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE