**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GILBERT ANGELO SERRANO,

      Plaintiff,

    v.                                                                        No. 17-CV-01156-RB-SCY

STATE OF NEW MEXICO, SUSANA
MARTINEZ, *Governor,* DAVID
JABLONSKI, *Secretary of Corrections*,
FNU LNU, *any contract companies
associated with and working for Department
of Corrections concerning medical and
mental health issues*,

      Defendants.[1]

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**
**AND DENYING HIS MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

This matter is before the Court on Plaintiff Gilbert Angelo Serrano's "Motion To Request My Rights To Mail an[d] Request For Extension on Time Requirement," filed on July 10, 2018. (Doc. 9.) Plaintiff asks the Court for an extension of time in which to file an amended complaint and a court order requiring prison officials to allow Plaintiff access to certain documents mailed by his wife. (*Id.*) Plaintiff's request for an extension of time is well-taken and will be granted. Plaintiff's motion does not specify the length of time sought, but the Court believes that a 30 day extension of time is more than sufficient to prepare an amended complaint. Therefore, Plaintiff's amended complaint must be filed within 30 days of the date of entry of this order. Failure to file a timely amended complaint may result in the dismissal of this action without prejudice without further notice. *See* Fed. R. Civ. P. 41(b).

---

[1] Defendants State of New Mexico and Susana Martinez were dismissed as parties to this action pursuant to the Court's June 6, 2018 Memorandum Opinion and Order. (Doc. 8.)

To the extent that Plaintiff seeks a court order regarding access to his mail, Plaintiff's

motion will be construed liberally as a motion for preliminary injunctive relief. *See Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed

liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). "A

court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent

irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v.*

*Harrington*, 42 F.3d 470, 471 (10th Cir. 1994) (per curiam). "Thus, a party moving for a

preliminary injunction must necessarily establish a relationship between the injury claimed in the

party's motion and the conduct asserted in the complaint." *Id.* In the present case, there is no

operative complaint and, therefore, no claims upon which to grant preliminary injunctive relief.

*See Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed

complaint, a court lacks power to issue preliminary injunctive relief."). Accordingly, Plaintiff's

motion for preliminary injunctive relief will be dismissed without prejudice as premature.

Although Plaintiff contends that he needs the documents mailed by his wife in order to

draft an amended complaint, the Court notes that at this preliminary stage of the proceedings,

exhibits and documentary evidence to support Plaintiff's claims are not required. Indeed, under

the Court's Local Civil Rules "[e]xhibits are not attached to a pleading unless the documents

attached form the basis for the action or defense." D.N.M. LR-Civ. 10.4. The original complaint

raised claims regarding the conditions of Plaintiff's confinement, and Plaintiff does not require

documentary evidence or "special legal training to recount the facts surrounding his alleged

injur[ies]." *Hall*, 935 F.2d at 1110.

IT IS THEREFORE ORDERED that Plaintiff's "Motion To Request My Rights To Mail

an[d] Request For Extension on Time" (Doc. 9) is GRANTED IN PART AND DENIED IN

PART;

IT IS FURTHER ORDERED that Plaintiff's amended complaint must be filed within 30

days of the date of entry of this order.


_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE