# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GILBERT ANGELO SERRANO,

    Plaintiff,

vs.                                No. 17-CV-01156 RB/SCY

STATE OF NEW MEXICO, SUSANA
MARTINEZ, *Governor*, DAVID
JABLONSKI, *Secretary of Corrections*,
FNU LNU, *any contract companies
associated with and working for Department
of Corrections concerning medical and
mental health issues*,

    Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court on the Second Amended Complaint for Tort Claim Act, Violations Civil Rights Violations, and for Damages and Injunctive Relief filed by Plaintiff Gilbert Angelo Serrano.[1] (Doc. 11.) The Court will dismiss the Second Amended Complaint with prejudice for failure to state a claim on which relief can be granted and will enter final Judgment.

On June 6, 2018, the Court entered a Memorandum Opinion and Order dismissing Governor Susana Martinez and the State of New Mexico as parties to this action, dismissing Plaintiff's original complaint (Doc. 1) without prejudice, and granting Plaintiff leave to file an amended complaint within 30 days. (Doc. 8 at 12–13.) Plaintiff did not file an amended complaint within 30 days but instead sought an extension of time to file. (Doc. 9.) On July 18, 2018, the Court granted his motion in part and ordered him to file the amended complaint within 30 days of entry of the Order. (Doc. 10.) The Court also notified him that if he did not file the amended

---

[1] All spelling and grammatical errors are original to the complaints.

1

complaint within 30 days, the Court would dismiss this proceeding. (*Id.* at 1.)

Plaintiff did not file the amended complaint within 30 days of the July 18, 2018 Order, but two months later on September 18, 2018. (Doc. 11.) On the same day he filed the Second Amended Complaint, he also filed a notice stating that he had been transferred during the time the Court was ruling on his motion for an extension of time, and that he had been "stuck in lockdown status unable to use proper law library usage or any access to copy machines." (Doc. 12.) His notice did not claim that he failed to receive the Court's July 18, 2018 Order, nor did he allege that his lockdown status prevented him from filing anything with the Court. (*See id.*)

## I. PLAINTIFF'S AMENDED COMPLAINT IS UNTIMELY

The Court originally ordered Plaintiff to file his amended complaint no later than July 6, 2018. (Doc. 8.) He sought and was granted an extension of time to August 18, 2018. (Doc. 10.) He did not, however, file his Second Amended Complaint until September 18, 2018. (Doc. 11.) The Court may dismiss an action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with statutes, the rules of civil procedure, local rules, or court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Plaintiff was notified of the deadline to file his amended complaint and of the consequences of failing to file within the appointed time. He filed his Second Amended Complaint a month after the deadline. His notice makes vague references to being on lockdown status, but he does not claim that the lockdown prevented him from filing the Second Amended Complaint in a timely manner. (Doc. 12.) Plaintiff's vague allegations about lockdown status do not excuse his untimely filing. *See Morgan v. Addison*, 574 F. App'x 852, 852 (10th Cir. 2014). The Second Amended Complaint is untimely, and the Court will dismiss it for failure to comply with the Court's June 6, 2018, and July 18, 2018 Orders. *See Olsen*, 333 F.3d at 1204 n.3.

## II. SERRANO'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

Even if Plaintiff had filed his Second Amended Complaint in a timely manner, it would still be subject to dismissal for failure to state a claim on which relief can be granted. The Second Amended Complaint fails to remedy the pleading defects identified in the Court's June 6, 2018 Memorandum Opinion and Order. (*See* Doc. 8.) Therefore, the Court will dismiss the Second Amended Complaint, and all claims in this case, with prejudice.

Plaintiff's original complaint named three defendants: Governor Susana Martinez, Secretary of Corrections David Jablonski, and the State of New Mexico. (Doc. 1.) The Court dismissed the claims against Governor Martinez and the State of New Mexico for failure to state a claim and dismissed Martinez and the State as parties to this action. (Doc. 8 at 12–13.) The Court dismissed all remaining claims in the case without prejudice. (*Id.* at 13.) The Court instructed Plaintiff to file an amended complaint that explained "what each defendant did to him . . .; when the defendant did it; how the defendant's actions harmed him . . .; and what specific legal right the plaintiff believes the defendant violated." (*Id.* at 12 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).)

Plaintiff again fails to specifically identify who he is naming as a defendant in his Second Amended Complaint, and he fails to allege any actual claims or causes of action. Instead, the Second Amended Complaint is a vague and rambling collection of legal citations and generalized averments. The Second Amended Complaint fails to explain what any defendant did to Plaintiff, when they did it, how the defendant's actions harmed him, and what specific legal rights he believes the defendant violated. *See Nasious*, 492 F.3d at 1163.

In its June 6, 2018 Memorandum Opinion and Order, the Court concluded that the original complaint did not state any claim against Secretary of Corrections David Jablonski because "it is

not enough for a plaintiff to show a defendant was in charge of other state actors who actually committed the violation. Instead . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." (Doc. 8 at 10 (quoting *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151(10th Cir. 2006)).)

Plaintiff includes Secretary of Corrections David Jablonski in the case caption and alleges that "Mr. Jablonski seems directly responsible since his signature remains on many, if not most, established policies" and "[t]he program is signed and approved by Mr. Jablonski." (Doc. 11 at 1, 5–6, 10.) Serrano's request for relief seeks compensatory, special, and punitive damages against Jablonski. (*Id.* at 12–13.) The Second Amended Complaint still fails to show any personal involvement, a causal connection, and a culpable state of mind on the part of Jablonski in violation of Serrano's constitutional rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). The Second Amended Complaint fails to state a claim against Secretary Jablonski under 28 U.S.C. § 1915(e)(2)(B), Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. §1915A. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The only other individuals identified by Plaintiff in the Second Amended Complaint are Maxine Montoya, Mr. Flores, and Lt. Pete Jackson. With respect to Maxine Montoya and Mr. Flores, the allegations state that "Mr. Flores and Maxine Montoya corruptly, through acts and omissions, of the disciplinary process, failed to adhere to the rules and regulations created for their duties as public servants of D.O.C. of New Mexico." (Doc. 11 at 5.) Plaintiff does not specify any acts or omissions and does not identify which rules or regulations Flores or Montoya failed to adhere to in their duties as public servants. Plaintiff's Amended Complaint fails to "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50

(10th Cir. 2008). Thus the Second Amended Complaint fails to state a cognizable claim for relief against Flores or Montoya. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The allegations of the Second Amended Complaint against Lt. Pete Jackson state that "Lt Jackson used and implored intimidating tactics, even to the point of using threats against the Plaintiff's family. Purposefully threw away grievences and informal complaints, even grievences given to case worker Flores at the P.N.M. North." (Doc. 11 at 8.) Again, the Second Amended Complaint does not specify what tactics Lt. Jackson used, does not identify who was threatened or the date on which threats occurred, nor does it identify the dates or specifics of any grievance Lt. Jackson allegedly threw away. The Second Amended Complaint similarly does not demonstrate what Lt. Jackson allegedly did to whom, or how his actions constituted a violation of constitutional rights. *See Robbins*, 519 F.3d at 1249–50. The Second Amended Complaint does not state a constitutional claim against Lt. Jackson. *See Ashcroft*, 556 U.S. at 676.

Plaintiff also suggests that the factual basis for his claims is set out and he is entitled to relief based on a petition for writ of habeas corpus filed in the New Mexico state courts alleging that the prison disciplinary process violated due process, that inmate legal assistance does not meet constitutional standards, and that the regulations governing inmate mail are constitutionally defective. (Docs. 11 at 6; 11-G.) This Court takes judicial notice of the proceedings in Plaintiff's state habeas corpus case, State of New Mexico, County of Santa Fe, First Judicial District Court No. D-101-CV-2017-02125. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

The New Mexico District Court found Plaintiff's claims to be without merit, concluding that the prison policies and procedures comply with the constitutional requirements of *Wolff v.*

5

*McDonnell*, 418 U.S. 539 (1974). (Order Denying Amended Petition for Writ of Habeas Corpus, No. D-101-CV-2017-02125, Jan. 29, 2019). The New Mexico Supreme Court denied review of the state District Judge's decision on March 5, 2019. The New Mexico state court decision is a reasoned application of federal law and, to the extent Plaintiff claims a basis for relief in his habeas corpus filings, disposes of his arguments. *See Wilson v. Sellers*, 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018).

Last, Plaintiff attaches 47 pages of documents to the Second Amended Complaint. The Court, however, is not obligated to search through and cobble together claims for him based on the attachments. Plaintiff's generalized, rambling allegations are not benefitted by the attachment of voluminous medical, prison, and state court documents. *See Washington v. Colo. State Univ.*, 405 F. App'x 288, 290 (10th Cir. 2010). The allegations of Plaintiff's original complaint were too vague and failed to state a claim for relief. The Court identified the deficiencies in his pleading and informed him as to how to remedy the deficiencies. (Doc. 8.) The Second Amended Complaint fails to remedy the pleading defects identified in his original filing. The Second Amended Complaint fails to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B), Rule 12(b)(6), and 28 U.S.C. § 1915A. Because the Court has already granted leave to amend and Plaintiff has failed to remedy the pleading deficiencies after notice, the Court will dismiss the Second Amended Complaint and all claims and causes of action, with prejudice.

**IT IS ORDERED** that the Second Amended Complaint filed by Plaintiff Gilbert Serrano (Doc. 11) and all claims and causes of action, are **DISMISSED with prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE